UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 05-35-C**

**UNITED STATES OF AMERICA,**                                                                                        **PLAINTIFF,**

**V.**                           **MEMORANDUM OPINION & ORDER**

**ARMANDO JIMENEZ-ULAJE,**                                                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant to strike surplusage from the indictment. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

The grand jury returned a superseding indictment charging the defendant with illegal re-entry after deportation in violation of 8 U.S.C. § 1326. The indictment also contained a sentencing factor – that the defendant's deportation was subsequent to two convictions for drug trafficking offenses. The defendant filed this motion to strike surplusage from the indictment on May 10, 2005, and on May 12, 2005, attempted to enter a plea of guilty without a plea agreement. At the hearing, the defendant admitted the elements of illegal re-entry after deportation, but he refused to admit that he had any prior convictions for drug trafficking offenses. Consequently, the court declined to accept his plea and ordered the United States and the defendant to file briefs regarding whether the language regarding the prior convictions was surplusage and should be stricken from the indictment and, if not, whether the court could accept

from the defendant a plea truncating the indictment.

**Sentencing Factors as Surplusage**

The defendant objects to the United States' inclusion of the aggravating factors in the superseding indictment, arguing that the alleged prior conviction is surplusage because it is not an element of the offense.[1]  The United States asserts that the inclusion of the factors is necessary in light of the uncertainty of the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or, in the alternative, even if the language about the factors is surplusage, it serves as notice to the defendant that the United States will seek an enhanced sentence and is not prejudicial or inflammatory so as to justify striking the language.  The court agrees that the language regarding prior convictions is not surplusage because it is relevant to the charges contained in the indictment.  Even if it were surplusage, the language serves a legitimate purpose and is not prejudicial or inflammatory so as to prejudice the defendant.

The purpose of an indictment is to inform the accused of the nature and cause of the accusation against him and to assure the accused is protected from being

---

[1] The defendant cites *United States v. Godinez-Rabadan*, 289 F.3d 630 (9th Cir. 2002), to support his argument that references to drug trafficking offenses should be stricken from the indictment.  *Godinez-Rabadan* offers little, if any, support to the defendant's argument.  There, the defendant was challenging the sufficiency of the indictment for illegal re-entry after deportation because it did not contain the date which he was allegedly found in the United States.  The Ninth Circuit noted that the district court struck language regarding prior aggravated felony convictions from the indictment as surplusage; however, it was not presented with a challenge to that decision and it did not decide whether the language was "properly" stricken as the defendant contends.

2

subject to the same offense and "be twice put in jeopardy of life or limb." *See* Fed. R. Crim. P. 7(c) (2004). Federal Rule of Criminal Procedure 7(d) states, "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The Advisory Committee's notes to Rule 7 provide that this rule "introduces a means of protecting the defendant against immaterial or irrelevant allegations in the indictment or information, which may, however, be prejudicial." A motion to strike surplusage should be granted only when it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter. *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962).

While *United States v. Washington*, 404 F.3d 834 (6th Cir. 2005), does not discuss the contents of an indictment, the opinion offers guidance to this court as to when sentencing factors must be proven to the jury or admitted by the defendant in light of recent Supreme Court decisions. If the Sixth Amendment requires that certain sentencing factors be presented to the jury, it is inconsistent to say that the language detailing those factors must be stricken from the indictment as surplusage.

In *Washington*, the Sixth Circuit Court of Appeals reversed the district court's determination that Washington's prior conviction for breaking and entering was a "crime of violence" under the United States Sentencing Guidelines. The Sixth Circuit found that the district court's enhancement for a crime of violence did not fit within the scope of the "fact of a prior conviction" exception of *Apprendi v. New Jersey*, 530

U.S.466 (2000)[2] and *United States v. Booker*, 125 S.Ct. 738 (2005), which originated in *Almendarez-Torres*, 523 U.S. 224, because the district court relied on facts outside the indictment to classify the prior conviction as a "crime of violence."

The Sixth Circuit's analysis was guided by the Supreme Court's decisions in *Booker* and *Shepard*. In *Booker*, the Supreme Court held that the "Sixth Amendment is contravened when a sentencing court, acting pursuant to the Guidelines, imposes a sentence greater than the maximum authorized by facts, other than the fact of a prior conviction, admitted by the defendant or found by the jury alone." *Washington*, 404 F.3d at 838 citing *Booker*, 125 S.Ct. at 750-51. "Sixth Amendment protections apply to 'a disputed fact . . . *about* a prior conviction.'" *Washington*, 404 F.3d at 838-39 citing *Shepard*, 125 S.Ct. at 1262 (emphasis added). The *Shepard* court reiterated its holding in *Taylor v. United States*, 495 U.S. 575 (1990), that a sentencing court cannot consider items from the record of a prior conviction which were not conclusively validated in the earlier proceeding. *Shepard*, 125 S.Ct. at 1260-61. There are certain documents that the sentencing court may consider, such as the jury instructions, plea colloquy, or plea agreement, but it may not consider a police report submitted as grounds for the complaint. *Id.*

---

[2] When the Supreme Court decided *Apprendi*, it distinguished *Almendarez-Torres* because the defendant in *Almendarez-Torres* did not challenge the accuracy of the prior convictions and the "fact" of a prior conviction had procedural safeguards attached to it. These two factors "mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond a maximum of the statutory range." *Apprendi*, 530 U.S. at 488.

4

The *Washington* court found that the district court improperly relied on facts outside the indictment for the prior offense of breaking and entering to conclude that the prior crime was a crime of violence.  This resulted in a sentence that violated Washington's Sixth Amendment rights because the district court relied on facts not necessarily determined in the earlier proceeding to resolve a disputed fact "*about* a prior conviction."  *Washington*, 404 F.3d at 842.  The aspects of the prior conviction, which were relied on by the district court to sentence Washington, were not part of what the state court was "required to find" as part of that conviction.  *Id.* at 843.

As explained in *Washington*, this court can determine as a matter of law whether the defendant's prior convictions were "drug trafficking offenses," but it cannot resolve disputed issues of fact regarding those offenses.  Determining whether a conviction constitutes a "drug trafficking offense" is a question of law and not fact, so the Sixth Amendment does not require that determination to be made by a jury.  Neither the existence of prior convictions nor their classification as "drug trafficking offenses" must be charged in an indictment and proven to a jury under a "beyond a reasonable doubt" standard.  *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) citing *United States v. Campbell*, 270 F.3d 702, 707-09 (8th Cir. 2001) (finding that *Apprendi* does not require nature of defendant's prior felony offenses as "violent felonies" or "serious drug offense" under the ACCA be proved to a jury).  *See also United States v. Moore*, 401 F.3d 1220, 1225-26 (10th Cir. 2005) ("Booker's exception for prior convictions subsumes inquiries into whether a given conviction

5

constitutes a 'violent felony'.") There is no evidence that the *Booker* court intended to alter the *Apprendi* exception allowing sentencing courts to consider the fact and nature of prior convictions without submitting it to the jury. *Barnett*, 398 F.3d at 525.

Nevertheless, while including the sentencing factors in the indictment is not absolutely required, it may be appropriate to do so. Prior to *Booker*, a few district courts discussed the issue of whether sentencing factors included in an indictment should be stricken as surplusage. A couple of courts found that the inclusion of additional factors was both irrelevant and prejudicial to the defendant, especially since there was no statutory or regulatory basis for doing so until the Supreme Court ruled in *Booker*. *See United States v. Mutchler*, 333 F. Supp. 2d 828 (S.D. Iowa 2004); *United States v. Jardine*, 2004 WL 2314511 (E.D. Pa. Oct. 8, 2004). Other courts permitted the inclusion of the factors, finding that they were relevant to both the criminal behaviors allegedly engaged in by the defendants and, if the jury found the defendants guilty, to sentencing issues. *United States v. Bortnick*, 2004 WL 2861868 (E.D. Pa. Nov. 30, 2004); *United States v. Gotti*, 2004 WL 2389755 (S.D.N.Y. Oct. 26, 2004); *United States v. Baert*, 2004 WL 2009275 (D. Me. Sept. 8, 2004).

The *Bortnick* court held that any prejudice to the defendant can be eliminated by withholding the sentencing factors from the jury until after they have reached a verdict. *Bortnick*, 2004 WL at * 6. This process, the *Bortnick* court noted, "serves both the interests of the United States, in preserving its ability to address sentence enhancements to a constitutionally appropriate finder of fact, and the Defendant, by

limiting any potential prejudice resulting from the United States' inclusion of those factors." *Id.* This court agrees that in light of *Booker* and *Shepard*, permitting the United States to include sentencing factors in the indictment, although not always necessary, is appropriate when questions of fact regarding those factors may exist.

Here, the defendant challenges whether prior convictions exist and challenges the accuracy of the prior conviction constituting a "drug trafficking offense." Consequently, at sentencing, the court will likely engage in the *Taylor* categorical analysis to determine whether the prior convictions constitute "drug trafficking offenses." As explained above, the court may determine, as a matter of law, whether prior convictions exist and, if so, whether they constitute drug trafficking offenses; however, it is possible that undecided questions of fact exist *about* the prior convictions that the court cannot resolve. Pursuant to *Shepard*, these facts must be presented to a jury or admitted by the defendant. Before a fact question can be presented to a jury, it must be contained in the indictment. Thus, it is proper for the sentencing factors to be in the indictment, and it is unnecessary for the court to strike the reference to the prior convictions as surplusage because they are relevant to the criminal charges contained therein.

Furthermore, the defendant will not be prejudiced by including this relevant information in the indictment. The court will not furnish the indictment to the jury and will not mention the subject language unless and until it forms an issue which the jury must decide.

This decision is in accordance with the Supreme Court's holding in *Almendarez-Torres*. In *Almendarez-Torres*, the Court addressed the appeal of an alien who had pled guilty to illegal re-entry. The indictment did not allege that the re-entry was subsequent to aggravated felonies. This failure to allege prior aggravated felonies and the applicability of subsection (b)(2), however, did not contravene the Sixth Amendment because it was simply a penalty provision and not a separate offense. *Almendarez-Torres*, 523 U.S. at 233-36. While the *Almendarez-Torres* court found that it was not necessary for the prior conviction allegation to be in the indictment, it did not find that it is improper for that allegation to be in the indictment.

**Acceptance of the Defendant's Partial Plea**

The court will not accept the defendant's partial plea. "A guilty plea serves as an admission of all of the elements of a formal criminal charge." *United States v. Skinner*, 25 F.3d 1314, 1316 (6th Cir. 1994) citing *McCarthy v. United States*, 394 U.S. 459 (1969). *See also United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961) ("A plea of guilty by a prisoner in open court . . . admits all facts alleged in the indictment"). The defendant cannot alter the contents of the indictment. If he wishes to challenge the existence of prior convictions for drug-trafficking offenses, he may do so. He does not have to plead to the superseding indictment. As noted in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), including such elements in the indictment does not harm the defendant. *Id.* at 2542-43 ("Every new element that a prosecutor can threaten to charge is also an element the defendant can threaten to contest at trial and

make the prosecutor prove beyond a reasonable doubt.")  Accordingly,

**IT IS ORDERED** that the defendant's motion to strike surplusage is **DENIED**.  The superseding indictment reads as filed by the grand jury.

**IT IS FURTHER ORDERED** that the defendant's plea to the elements of the offense but not the sentencing factors is **NOT ACCEPTED**.

Signed on  June 22, 2005

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**