**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 05-35-C**

**UNITED STATES OF AMERICA,**                                              **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**ARMANDO JIMENEZ-ULAJE,**                                                  **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, Armando Jimenez-Ulaje, for the court to reconsider its order denying his motion to strike surplusage and refusing to accept his plea.  Alternatively, the defendant requests for this court to declare it an appealable interlocutory order.  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

The court finds that its previous order was correct and should not be altered. While it may not have been necessary for the United States to include the sentencing factors in the indictment, it was not improper for it to do so in this case.[1]  Further, the United States is the master of the indictment and the defendant may not alter its

---

[1] In its previous order, the court incorrectly cited *United States v. Washington*, 404 F.3d 834 (4th Cir. 2005), as a Sixth Circuit opinion.  This error, however, does not change the outcome of the court's decision to deny the defendant's motion to strike surplusage.  As there is no applicable Sixth Circuit decision on the issue of whether sentencing factors should be included in an indictment, reliance on the Fourth Circuit's analysis was proper because the court finds that analysis persuasive.

contents through his plea.

Further, the defendant's request for this court to deem its order appealable must be denied. The court's order does not involve a final sentence appealable under 18 U.S.C. § 3742 or a final decision appealable under 28 U.S.C. § 1291. Since the order was not one of the two situations where the collateral order doctrine permits interlocutory appeals in criminal cases – the denial of a motion to dismiss on double jeopardy grounds and the denial of a motion to reduce bail before trial – granting leave to file an interlocutory appeal is improper. *See United States v. Bratcher*, 833 F.2d 69, 71 (6th Cir. 1987). Accordingly,

**IT IS ORDERED** that the defendant's motion to reconsider (DE 27) is **DENIED**.

Signed on  July 1, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**